UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALBANY PATROONS, INC. and
ALBANY BASKETBALL &
SPORTS CORP.,

    Plaintiff(s),

v.

DEMPERIO SPORTS &
ENTERTAINMENT, LLC.

    Defendant

and

DEREK DEMPERIO

    Defendant-Intervenor

Index No. 1:21-cv-286
(FJS/DJS)

REBUTTAL

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        F I L E D
         SEP 17 2021
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Syracuse
```

---

  Defendant-Intervenor, Derek Demperio, hereby rebuts Plaintiff(s) Reply in relation to his Motion to Stay in its entirety and reaffirms this Court must stay proceedings in this case pending the resolution of the underlying dispute between the above parties; namely a cancellation proceeding in the middle of trial before the United States Trademark Trial and Appeal Board ("TTAB") (*see* TTAB, proceeding No. 91242629) the conclusion of which will likely have a preclusive effect on the federal litigation.

  Mr. Demperio apologizes and asks the Court for leniency if this rebuttal has been received past the required date of September 10, 2021. As the Court will note Plaintiff(s) certified electronic filing of its Reply on September 7, 2021 however no such notification, as alleged, was provided to Mr. Demperio who is not a party to the CM/ECF system. Plaintiff(s) acknowledge as much when certifying that Mr. Demperio was sent a copy of the Reply via the

1

United States Postal Service however this reply was not sent until September 9, 2021 via certified mail ensuring late receipt. In the interest of justice Mr. Demperio asks the Court to consider his Rebuttal.

## REBUTTAL OF ALLEGED FACTS

Plaintiff(s) did not communicate plans of their intention to file suit in district court through several calls and emails during the TTAB proceeding with the exception of a Cease and Desist Notice sent on December 16, 2020. From Mr. Demperio's motion the Court will recognize that discovery had already closed and Plaintiff(s) failed to submit Pre-trial disclosures prior to this Notice. The Court will also recognize Plaintiff(s) fully participated in trial following its Notice. By definition filing in district court on the last day of a trial period having repeatedly asked for extra time to present a case in front of the administrative body chosen to adjudicate said case can only be defined as an ambush. Mr. Demperio demands Plaintiff(s) show cause of any other such emails or phone calls or subject itself to sanctions for misleading this Court.

On the subject of phone calls, Mr. Demperio spoke to attorney William Little on two occasions during the summer of 2020 having made a settlement offer on May 12, 2020. Mr. Little continuously strung Mr. Demperio along throughout the summer having never made a counter-offer heading into the fall of that year. It is at that point Mr. Demperio had his one and only call with Plaintiff(s) which took place, as documented, on November 19, 2020 with Mr. Corts.

Mr. Demperio took great time to document his version of that call **(A)**, the very same day, and provided Plaintiff(s) an opportunity to correct any items of discussion they saw differently. At that time Mr. Corts never complained about any aspect of Mr. Demperio's recollection of the call in his reply on November 23, 2020 **(B)**, including settlement **(C)**, and his

2

only correction was he was not running team operations. Since that time Mr. Demperio has offered a full partnership in sharing the disputed intellectual property in which both parties would be listed on registration with the United States Patent and Trademark Organization (USPTO) and an agreement of usage will be governed under contract law. Contrary to the patently false statements made to this Court the Plaintiff(s) have never offered settlement in the form of a partnership and in fact have never responded to Mr. Demperio's offer of a full partnership. Mr. Demperio demands Plaintiff(s) admit to misleading the Court regarding the status of settlement both currently and historically with proof of a partnership offer made to Defendant(s) that was rejected and further admit they currently are refusing such a partnership. If it was true both parties are willing to agree to a partnership should this proceeding not have concluded? Thus, one party is misleading the Court and it is the Plaintiff(s).

As it relates to the Supplemented Interrogatories, the Trademark Trial and Appeal Board has, to Mr. Demperio's knowledge, never noted Plaintiff(s) "significant efforts to provide supplemented interrogatories" and from the standpoint of holding Plaintiff(s) attorney to some semblance of conduct once again ask for proof of such a statement.

As previously documented, Mr. Demperio is owner of the intellectual property under USPTO Registration No. 5566373. Demperio Sports & Entertainment (DSE) remains owner of USPTO Application No. 87675730 according to available USPTO records pending the underlying dispute as assignment is not automatic though it is anticipated Mr. Demperio will acquire the application once it matures to registration following termination of the proceeding.

## CONCLUSION

The Court should **GRANT** Mr. Demperio's Motion to Stay proceedings in this case pending the resolution of the underlying dispute between the parties and take any other action it

deems just and proper against Plaintiff(s) for misleading the Court in its Reply when submitting statements as fact to be relied upon.

I certify under penalty of perjury that the foregoing is true and correct.

September 15, 2021                                         Respectfully submitted,


                                                      By:     /Derek Demperio/

                                                            Derek Demperio
                                                            5121 Corporal Welch Road
                                                            Syracuse, NY 13215
                                                            info@AlbanyPatroons.com

                                                           Pro Se
                                                           Defendant-Intervenor

# EXHIBIT A

## Re: Agreement

From: Albany Armory (albanyarmory@gmail.com)
To: info@demperiosports.com
Date: Monday, November 23, 2020, 09:06 PM EST

I have shared your communication with all involved and will respond once we've all had a chance to fully review and connect. It will not be as early as this Wednesday. My goal is to continue the discussion with you after the holiday weekend, mid next week.

Please note that in your settlement meeting document there is an issue with the last sentence of the 5th bullet point. Team business is not being primarily handled by me.

Thank you,
Michael

On Thu, Nov 19, 2020 at 11:02 PM Derek Demperio <info@demperiosports.com> wrote:

> Michael
>
> Thank you for taking the time to reach out to me today. I understand how difficult this process must be for you and appreciate the blood, sweat, and tears you have put in to ensure your community has the basketball team it deserves. I sympathize with the human element but must also recognize the business element. To move forward you must focus less on how I arrived on the Albany basketball scene and concentrate on what we can do together to give the Albany community a chance to watch Patroon's basketball once the pandemic and team financial situation becomes more clear. The majority of our conversation seemed to revolve around your distaste for even having to discuss the issue with me but the reality is I do hold a registered trademark with a federal agency. If you don't respect me you should at least respect that. Thankfully a lot of what I am interested in does not directly involve a basketball team playing in a league at all times meaning the Patroons name can remain relevant during this down time. I have provided you a recap of the meeting for both our records and an outline of what a potential settlement could look like. I do so to continue the conversation not to threaten or scare you. As you can see in the settlement outline I believe in community youth programs and merchandising and doing so under the Albany Patroons banner has value to me professionally and intrinsically. Obviously you look at the professional aspect and filling dates in the Armory. I feel we both can get what we want, more or less, without taking dramatically from the other in what I have outlined. Essentially Albany Patroons Inc. will get to use the Albany Patroons name to operate a basketball team in the Armory for as long as it is able or willing and is free and clear of further litigation. In exchange we get a seat at what you have described to me as an empty table which at worst will add value to the Albany Patroons name on the merchandise and youth development side of things. It is an objectively good offer all things considered and I hope we can look past the ego side of things and make it happen for the benefit of all.
>
> I must remind you of the continued duty your lawyers have to cooperate with the board edict in supplementing response to interrogatories. Due to the fact we have talked today I will push the timeline for response to Wednesday November 25th. I will allow you to communicate that with them as I am not sure if you want what we have discussed to be disclosed to them at this time. Alternatively you could follow up our settlement outline and disclose what you might be agreeable to and discuss any additions or alterations you feel are needed to better protect your organization.
>
> I hope to hear from you regarding settlement by Wednesday.
>
> Derek Demperio

# EXHIBIT B

## SETTLEMENT MEETING

| | |
|---|---|
| DATE: | November 19, 2020 |
| TIME: | 2 pm-3 pm |
| PARTICIPANTS: | Michael Corts<br>Vice President<br>Albany Patroons Inc. (Opposer) |
| | Derek Demperio<br>President<br>Demperio Sports & Entertainment, LLC |
| SUBJECT: | Settlement of Opposition No. 91242629<br>Mark: PATS Albany Patroons |

*These notes are being drafted following the above meeting by Derek Demperio. Opposer should notify immediately following receipt should it disagree with the contents contained within otherwise the information will be relied upon as truthful and accurate by both parties.*

Mr. Corts opened the meeting be providing Mr. Demperio an overview of basketball operations since August 2017. Information of note:

- The Armory was approached by David Magley and the NAPB about bringing a basketball team to Albany under the Albany Patroons name to be owned by Donald Cepiel and Derrick Rowland.
- Ben Fernandez was assumed to be owner of the Albany Patroons name by all parties. *(it was not noted what arrangement if any was made by Mr. Fernandez for Mr. Cepiel to use the Albany Patroons name)*
- Following the first home game Mr. Cepiel lost interest in team ownership and Mr. Corts became involved in running the team as GM on or following the third game of that season.
- Various benefactors helped keep the team afloat until Dr. Maggs assumed full ownership for the 2020 season.
- Due to the pandemic the Albany franchise has no current lease agreement with the Armory, employees, or ownership. Team business is being primarily handled by Mr. Corts voluntarily.
- Mr. Corts and the Armory are awaiting the potential formation of a non-profit group that will run a basketball team out of the Armory when/if competition resumes.

Mr. Corts and Mr. Demperio disagreed over when Mr. Demperio first contacted Albany Patroons Inc. Mr. Demperio believes it was following the filing of the trademark in dispute in November 2017 and Mr. Corts believes it was prior to that following an August 2017 announcement regarding the return of the Albany Patroons. Mr. Corts has agreed to provide Mr. Demperio the cited communication following this meeting.

Mr. Corts acknowledged Demperio Sports & Entertainment has an uncontested trademark registration for merchandising purposes with the Albany Patroons name and logo that predates the disputed application.

The parties briefly discussed the merits of the ongoing dispute and shared frustration with the potential length and cost of continuing to oppose one another agreeing it would be mutually beneficial to settle.

The parties did not reach an understanding on parameters of settlement but Mr. Corts agreed to discuss a potential agreement built around Demperio Sports & Entertainment gaining control over the disputed Mark and licensing it to Albany Patroons Inc. freely in exchange for control over team merchandising. Mr. Demperio stated that ultimately lawyers for both sides would need to look over final details of any agreement but an agreement in principle should be reachable.

I attest the above to be true a true and accurate representation of the meeting that took place on 11/19/20 between myself and Mr. Corts.

/Derek Demperio/
Derek Demperio

# EXHIBIT C

November 19, 2020

Michael Corts
Vice President
Albany Patroons Inc.


Mr. Corts

In a continuing effort to settle our trademark dispute I wanted to take this opportunity to outline terms I feel are fair and equitable. Please understand this communication is a good faith attempt to settle and does not bind either party to an agreement at this time.

The broad picture is that Albany Patroons Inc. (API) must agree to withdraw its trademark opposition against Demperio Sports & Entertainment, LLC (DSE) with prejudice. API would also waive the right to take further legal action against Derek Demperio or DSE and its officers as previously threatened in June 2018.

DSE would agree to freely license use of the Albany Patroons name and logo to API on an annual basis for use with a professional men's basketball franchise. API will notify DSE via certified mail within 30 days of the completion of a basketball season if it intends to exercise its right to operate a professional men's basketball franchise the following year. This license is **NOT** transferable to any other party or prospective business arrangement. Any such separate arrangement must be made in consultation with DSE to protect the quality of the IP. Should API fail to exercise its right within the 30 day period or fail to operate a team outside of an act of god (ie. pandemic) the free use portion of the licensing agreement is terminated.

Provided API continues to exercise its right to operate a professional men's basketball team DSE may not terminate or sell the IP to a third party without first granting API exclusive right to purchase at a price to be determined by an independent arbitrator chosen by DSE. API may reject up to three (3) choices.

DSE will exclusively control all Albany Patroon team merchandising and appoint a Director position on the official team website. API will allow arena access and space to DSE to place merchandise stands and a team store in the arena operated by DSE. API will also provide administrative access to the team website and all social media accounts to allow proper marketing and advertising of all available merchandise.

In maintaining use of mark DSE will also receive API assistance and team association in further developing youth, special needs, and female basketball opportunities which may include in-game recognition, website/social media promotion, and special events. DSE would appoint a Director position on the official team website.

DSE will receive four (4) courtside-bench tickets and parking spot to all home Albany Patroons games. Team may resell any tickets DSE indicates it will not use having provided at least one-week notice.

In exchange for DSE waiving any right to take further legal action against Ben Fernandez, API, the Armory, and the Albany Basketball and Sports Corporation for the infringement of DSE's acknowledged merchandise trademark it is agreed that no men's professional basketball team can regularly compete at the building known as the Armory and/or any other building owned by the above entities in the Albany, NY metropolitan area other than one named the Albany Patroons. This does **NOT** include special event opportunities (ie. Harlem Globetrotters, one-time NBA exhibitions/games, etc).

The above list is not an exhaustive listing of terms the parties may or may not agree upon and does not constitute threat, intimidation, or agreement. The above is a good faith attempt to settle a dispute and encourage conversation to that end.

Derek Demperio
President
Demperio Sports & Entertainment, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I caused a true and correct copy of the foregoing document to be served upon Plaintiff(s) proposed counsel of record, Benito Solomon Fernandez V. by certified mail and Defendant Demperio Sports & Entertainment, LLC. via email as per prior agreement.

Benito Solomon Fernandez V
131 Lancaster Street
Albany, NY 12210

Demperio Sports & Entertainment, LLC.
info@demperiosports.com

Clerk U.S. District Court
Federal Building & Courthouse
P.O.Box 7367
Syracuse, NY 13261-7367


September 15, 2021                                Respectfully submitted,


                                        By:    /Derek Demperio/

                                               Derek Demperio
                                               5121 Corporal Welch Road
                                               Syracuse, NY 13215

                                               Pro Se
                                               Defendant-Intervenor

Derek Demperio
5121 Corporal Welch Road
Syracuse NY 13215

CERTIFIED MAIL

7021 0350 0000 7419 0847

U.S. POSTAGE PAID
FCM LG ENV
CAMILLUS, NY
13031
SEP 15, 21
AMOUNT
$5.31
R2305E124253-04

Clerk U.S. District Court
Federal Building & Courthouse
P.O. Box 7367
Syracuse NY 13261-7367

U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
SEP 17 2021
RECEIVED