**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALBANY PATROONS, INC. and ALBANY**
**BASKETBALL & SPORTS CORP.,**

                    **Plaintiffs,**

              v.                                            **1:21-CV-286**
                                                                       (FJS/DJS)

**DEMPERIO SPORTS & ENTERTAINMENT,**
**LLC,**

                    **Defendant,**


                    **and**

**DEREK DEMPERIO,**

                      **Intervenor-Defendant.**
_____

**APPEARANCES**                              **OF COUNSEL**

**OFFICE OF BENITO SOLOMON**      **BENITO SOLOMON FERNANDEZ V, ESQ.**
**FERNANDEZ V**
131 Lancaster Street
Albany, New York 12210
Attorneys for Plaintiffs

**DEMPERIO SPORTS &**                **NO APPEARANCES**
**ENTERTAINMENT, LLC**

**DEREK DEMPERIO**
5121 Corporal Welch Road
Syracuse, New York 13215
Intervenor-Defendant _pro se_


**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

Plaintiffs Albany Patroons, Inc. and Albany Basketball & Sports Corp. (hereinafter referred to as "Plaintiffs") commenced this action against Defendant Demperio Sports & Entertainment, LLC (hereinafter "Defendant Corporation") alleging (1) unfair competition pursuant to 15 U.S.C. § 1125(a); (2) fraud on the United States Patent and Trademark Office ("USPTO") pursuant to 15 U.S.C. § 1064(3); (3) cancellation of a trademark based on non-use pursuant to 15 U.S.C. § 1119; (4) cancellation of a trademark based on the likelihood of confusion or dilution pursuant to 15 U.S.C. § 1119; (5) dilution by blurring pursuant to 15 U.S.C. § 1125(c)(1); (6) cyberpiracy pursuant to 15 U.S.C. § 1125(d); (7) tortious interference with prospective business advantage; (8) tortious interference with contract; and (9) injurious falsehood. *See* Dkt. No. 1, Compl., at 6-17.

As a brief history, Plaintiff Albany Patroons, Inc. alleges that it acquired an interest in the Albany Patroons basketball team's trademark in the early 1980s and maintained a legally protectable interest in that trademark ever since. *See id.* at ¶ 1.[1] Plaintiffs assert that, since 2005, they have operated a gift shop in the Washington Avenue Armory (hereinafter "the Armory") that sells Albany Patroons merchandise. *See id.* at ¶ 2. Additionally, following announcement of the basketball team's second revival in August 2017, Plaintiffs claim that they undertook "significant commercial activity" with respect to the Albany Patroons, including using the team's trademark. *See id.* at ¶ 3.

---

[1] Unless otherwise indicated, the paragraph numbers used when referencing Dkt. No. 1 correlate with the paragraphs as they are numbered under the "Facts" section of the complaint.

In November 2017, Defendant Corporation filed a Class 41 application with the USPTO to register the Albany Patroons trademark for use in entertainment services. *See id.* at ¶ 5; Dkt. No. 1-1, Ex. A, at 2. Defendant Corporation already owned a Class 25 trademark for use of the Albany Patroons name and logo on hats, pants, scarves, shorts, warm up suits, hooded sweatshirts, sports jerseys, and T-shirts. *See* Dkt. No. 1 at ¶¶ 4, 7a; Dkt. No. 1-1, Ex. B, at 4. Defendant Corporation allegedly used that trademark to list a singular T-shirt with the Albany Patroons logo for sale on Amazon. *See* Dkt. No. 1 at ¶ 7a.

The day after filing its Class 41 application with the USPTO, Defendant Corporation sent a cease and desist letter – signed by its agent, Derek Demperio, who is an Intervenor-Defendant in this action (hereinafter "Intervenor-Defendant") – to Plaintiffs, claiming that Defendant Corporation held the trademark for the Albany Patroons and demanding that Plaintiffs pay certain fees in exchange for Defendant Corporation's allowing the continued use of the trademark. *See id.* at ¶ 6. Plaintiffs assert that, throughout the following years, Intervenor-Defendant, through Defendant Corporation, continued to "threaten and harass" Plaintiffs, including reaching out to sponsors, partners, and important community members. *See id.* at ¶ 9. As a result of those threats, Plaintiffs contend that they lost a licensing agreement and had to remove the Albany Patroons logo from the league's website, which led to a struggle to ensure that the second revival was a success. *See id.* at ¶ 8.

Plaintiffs initially challenged Defendant Corporation's registration for the Albany Patroons trademark before the United States Trademark Trial and Appeal Board ("TTAB"). *See* Dkt. No. 16-2, Corts Aff., at ¶ 11. On the last day of the trial period before the TTAB, Defendant Corporation allegedly assigned its interest in the Class 25 trademark, its Class 41 trademark application, and a separate, basketball-related trademark to Intervenor-Defendant.

*See* Dkt. No. 16-2 a t ¶ 25; Dkt. No. 16-2, Ex. 6, at 23-24.  On the same day, Plaintiffs commenced their action before this Court and moved the TTAB to stay its proceedings, which the TTAB granted.  *See* Dkt. No. 20, Int-Def's Mot. for Stay, at 2-4.

    Pending before the Court are Plaintiffs' motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, *see* Dkt. No. 16, and Intervenor-Defendant's motion to stay this action pending resolution of the TTAB proceeding, *see* Dkt. No. 20. Intervenor-Defendant also appears to claim in his papers that he is seeking a counter motion for a preliminary injunction pursuant to Rule 65; however, he has not made a formal motion before the Court.  *See* Dkt. No. 18, Int-Def's Memorandum in Opposition to Preliminary Injunction, at 1, 9-10.  Notably, Defendant Corporation has not appeared in this action and has not responded to either motion.[2]

## II. DISCUSSION

### A.  Intervenor-Defendant's motion for a stay

Intervenor-Defendant concedes that the TTAB has stayed its proceedings pending the outcome of this action.  *See* Dkt. No. 20 at 4; Dkt. No. 20, Ex. F, at 45.  Nonetheless, he argues that, after three years of litigation before the TTAB, it is a waste of time, money, and judicial resources to essentially "reset[]" this matter before this Court.  *See* Dkt. No. 20 at 6-8. Plaintiffs, in response, assert that the TTAB itself has recognized that many of their claims and

---

[2] Intervenor-Defendant, acting *pro se* and as the agent for Defendant Corporation, attempts to represent Defendant Corporation's interests in his memoranda.  *See generally* Dkt. Nos. 18, 20. However, this is impermissible.  "[A] corporation may not represent itself *pro se* in an action filed in a federal district court, but instead must be represented by counsel."  *Kenneth W. Bach Trust v. EMC MFG. Acquisition Corp.*, No. 1:17-CV-0690 (FJS/DEP), 2018 U.S. Dist. LEXIS 85744, *6 (N.D.N.Y. May 21, 2018) (Scullin, J.) (citations omitted).

their requested relief involve matters that are not within TTAB's jurisdiction. *See* Dkt. No. 21, Pls' Memorandum in Opposition to Stay, at 5. Furthermore, Plaintiffs contend that Defendant Corporation created an antecedent question of the validity of its assignment of the intellectual property rights and trademark application at issue to Intervenor-Defendant pursuant to 15 U.S.C. § 1060(a)(1). *See id.* at 6-7.

Notably, neither party has pointed to any caselaw requiring the Court to stay this action pending resolution of the TTAB proceeding. "[T]he Second Circuit has held that dismissal of a trademark action involving infringement in deference to a USPTO registration determination may constitute an abuse of discretion, as 'delaying consideration of [plaintiff's] claim pending the outcome of the TTAB proceedings undercuts the purpose of declaratory relief by forcing [plaintiff] either to abandon use of trademarks . . . or to persist in piling up potential damages.'" *Classic Liquor Imps., Ltd. v. Spirits Int'l B.V.*, 151 F. Supp. 3d 451, 459 (S.D.N.Y. Dec. 29, 2015) (quoting *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 854 (2d Cir. 1988) (internal quotation marks omitted)). The Court finds that the same rationale applies in this case. It would be improper for the Court to stay an action for the purpose of deferring to the TTAB, particularly when the TTAB has already stayed its proceeding to defer to this Court. *See id.* Accordingly, the Court denies Intervenor-Defendant's motion to stay this action.[3]

---

[3] The Court recognizes that Intervenor-Defendant filed a "Reply (Rebuttal)" to his motion to stay this action that was both late and without permission from the Court. *See* Dkt. No. 22; L.R. 7.1(a)(1). Nonetheless, as Intervenor-Defendant is *pro se*, this Court considered the Reply when deciding the motion and determined that the arguments in the Reply were without merit. In the future, Intervenor-Defendant and all other parties are cautioned to comply with the Local Rules of this District, which are located on the homepage of the Northern District of New York website, or may be accessed at https://www.nynd.uscourts.gov/local-rules.

### B. Plaintiffs' motion for a preliminary injunction

"In order to obtain a preliminary injunction, a party must establish irreparable harm and either (a) a likelihood of success on the merits or (b) a sufficiently serious question going to the merits, with a balance of hardships tipping in favor of the party requesting the preliminary injunction." *Tunick v. Safir*, 209 F.3d 67, 70 (2d Cir. 2000) (citation omitted); *see N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted). "In order to demonstrate the existence of an irreparable injury, a plaintiff must show that a monetary award will not adequately compensate for his or her injuries." *Lore v. City of Syracuse*, No. 00-CV-1833 (HGM/DEP), 2001 U.S. Dist. LEXIS 26942, *12 (N.D.N.Y. Mar. 9, 2001).

With respect to the likelihood of success on the merits, the moving party's burden depends on whether it is seeking a prohibitory or mandatory injunction. "'Prohibitory injunctions maintain the status quo pending resolution of the case; mandatory injunctions alter it.'" *New Horizons Educ. Corp. v. Krolak Tech. Mgmt. of Syracuse, LLC*, No. 5:18-CV-01223 (BKS/DEP), 2018 U.S. Dist. LEXIS 180550, *18 (N.D.N.Y. Oct. 22, 2018) (Sannes, J.) (quotation omitted). There is a heightened burden for mandatory injunctions, such that "'the movant must show a "clear" or "substantial" likelihood of success' on the merits." *New York Civ. Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2011) (quotation omitted). Although the parties dispute whether the Court should analyze Plaintiffs' request for a preliminary injunction under a mandatory or prohibitory standard, the Court finds that it need not address this issue because Plaintiffs have failed to meet their burden under the lower of the two standards, as discussed below. Finally, if the Court considers the balance of hardships, it "'must balance the competing claims of injury and must consider the effect on each

party of the granting or withholding of the requested relief.'"  *Main St. Baseball, LLC v. Binghamton Mets Baseball Club, Inc.*, 103 F. Supp. 3d 244, 262 (N.D.N.Y. 2015) (Hurd, J.) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).

Plaintiffs argue that, as they prepare for the 2022 basketball season, Defendant Corporation will continue to cause them extensive damages by using the Albany Patroons trademark and interfering with Plaintiffs' businesses.  *See* Dkt. No. 16-1, Pls' Motion in Support of Preliminary Injunction, at 5-6.  As to their likelihood of success on the merits, Plaintiffs' merely assert that the core issues underlying their request for preliminary injunctive relief are the core issues that underlie their causes of action, which should be decided after a full trial.  *See id.* at 7.  Plaintiffs also generally rely on the facts set forth in Michael Corts's affidavit.  *See id.*

Corts describes himself as the Chief Operating Officer and General Manager of Plaintiff Albany Basketball & Sports Corp., Vice President of Plaintiff Albany Patroons, Inc., and General Manager of the Albany Patroons basketball team.  *See* Dkt. No. 16-2 at ¶ 2.  Corts asserts that, since 2005, Albany Patroons merchandize has been for sale at the Armory gift shop, which is owned by Plaintiff Albany Basketball & Sports Corp., and signage for the Albany Patroons has been visibly posted inside and outside of the Armory that entire time.  *See id.* at ¶¶ 16-16.1.  Corts also claims that Plaintiffs maintained multiple active social media accounts and a website with substantial information about the Albany Patroons franchise.  *See id.*  Corts contends that Defendant Corporation has threatened him, Plaintiffs, their attorneys, and partners into accepting outrageous and ever-changing terms to use the trademark and has successfully shut down many of Plaintiffs' social media pages and websites, which has caused

Plaintiffs irreparable harm. *See id.* at ¶¶ 17-32.1.1.1. Notably, however, Corts also acknowledges that the basketball team is not a profitable business. *See id.* at ¶¶ 19-20.

In response, Intervenor-Defendant argues that he is the one who would suffer irreparable harm because he is the registered trademark owner, and Plaintiffs have refused to abide by the cease and desist orders and have created social media accounts, websites, and merchandise shops designed to confuse consumers and harm Intervenor-Defendant's business practices. *See* Dkt. No. 18 at 7-8.

Turning first to irreparable harm, the Court initially finds that Plaintiffs have not shown that they will suffer such injury without the preliminary injunction. As stated above, Plaintiffs contend that Defendant Corporation, through Intervenor-Defendant, has ordered them to shut down various websites and social media accounts related to the Albany Patroons, which apparently impacts their ability to advertise and prepare for the 2022 season. However, lost revenue from the season is monetary in nature; and, thus, an award after trial would remedy any losses. Additionally, Plaintiffs admit that the business is *not* profitable. For these reasons, any harm likely caused by litigation throughout the 2022 season is not so severe and irreparable that it warrants injunctive relief.

Furthermore, the Court is unable to determine, based upon the facts alleged, whether Plaintiffs are likely to be successful on the merits of any of their nine causes of action. Plaintiffs admit that there is unknown evidence that has yet to be discovered. *See* Dkt. No. 19, Pls' Reply, at 3. Plaintiffs also concede that Defendant Corporation owns a Class 25 trademark to the Albany Patroons logo, which it assigned to Intervenor-Defendant and that both Defendant Corporation and Intervenor-Defendant have repeatedly asked Plaintiffs to cease and desist using it. *See* Dkt. No. 16-2 at ¶¶ 2, 5, 7 12. Plaintiffs further admit that Defendant Corporation has

applied for a Class 41 trademark for all entertainment services related to the Albany Patroons basketball team. *See id.* at ¶ 8. Plaintiffs have not alleged facts, nor have they pointed to any in Corts's affidavit, which reveal that Plaintiffs are the true owners of the trademarks. Additionally, Plaintiffs' sparse factual recitation does not reveal that Defendant Corporation has more than likely engaged in unfair business practices, that it has tortiously interfered with Plaintiffs' business ventures, that it has abandoned its Class 25 trademark, or that it has engaged in cyberpiracy, dilution, or other forms of trademark infringement. Therefore, the Court finds that Plaintiffs have failed to show a likelihood of success on the merits.

Finally, in recognizing Plaintiffs' concessions that they are not the owner of the Class 25 trademark and admissions that they have not fully complied with Defendant's cease and desist orders, and in finding that Plaintiffs have not alleged facts with specificity to determine their likelihood of success, the Court further finds that Plaintiffs have not raised a serious question of fact going to the merits of their claims. Without raising such questions of fact, the Court need not weigh the balance of hardships of the parties. *See N. Am. Soccer League, LLC*, 883 F.3d at 37 (providing that a party must show "either a likelihood of success on the merits or *both* serious questions on the merits *and* a balance of hardships decidedly favoring the moving party" (emphases added)). The Court thus finds that Plaintiffs have failed to establish irreparable injury, a likelihood of success on the merits, or that there is a serious question of fact; and, accordingly, the Court denies Plaintiffs' motion for a preliminary injunction.

### C. Intervenor-Defendant's "counter motion" for a preliminary injunction

In Intervenor-Defendant's memorandum in opposition to Plaintiffs' motion for a preliminary injunction, Intervenor-Defendant appears to "counter move" for a preliminary injunction (1) prohibiting Plaintiffs from using the disputed intellectual property; (2) requiring Plaintiffs to

remove the protected intellectual property from all online social media accounts, websites, and similar online outlets; (3) requiring Plaintiffs to disable all online accounts using the protected intellectual property, such as those with domain or account names that cannot be changed; (4) prohibiting Plaintiffs from assigning trademark rights to unaffiliated third-parties in the form of licensing or other business agreements; and (5) restraining Plaintiffs from commenting on Intervenor-Defendant's ownership claim in relation to the disputed intellectual property outside of this action, the TTAB proceeding, and any resulting appeal of either action. *See* Dkt. No. 18 at 9-10.

Local Rule 7.1(b) requires all motions to include a memorandum of law, supporting affidavit when necessary to provide factual and procedural background relevant to the motion, and proof of service on all the parties. *See* L.R. 7.1(b). Additionally, all motions require the moving party to attach a Notice of Motion, except when a party makes a non-dispositive motion or request that chambers has permitted to be submitted in the form of a letter-request. *See id.* A party may file and serve a cross-motion at the time it files and serves its opposition papers to the original motion. *See id.* at 7.1(c). Nonetheless, a Notice of Motion or letter-request must accompany a cross-motion, just as if it were an original motion. *See id.* at 7.1(b). Here, Intervenor-Defendant did not file a formal Notice of Motion, nor did he seek permission or attempt to file a letter-request. Therefore, because Intervenor-Defendant did not file a formal "counter motion," the Court will not consider his request.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Intervenor-Defendant's motion to stay this action, *see* Dkt. No. 20, is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion for a preliminary injunction, *see* Dkt. No. 16, is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Stewart for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: September 22, 2021
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge