UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALBANY PATROONS, INC.; and ALBANY
BASKETBALL & SPORTS CORP.,

       Plaintiffs,
                  1:21-CV-0286
v.                  (GTS/DJS)

DEMPERIO SPORTS & ENT., LLC; and
DEREK DEMPERIO,

       Defendants.
_____

APPEARANCES:            OF COUNSEL:

B. SOLOMON FERNANDEZ LAW, PLLC  BENITO SOLOMON FERNANDEZ, ESQ.
 Counsel for Plaintiffs
195 Washington Avenue, 2nd Floor
Albany, NY 12210

DEREK DEMPERIO
 Defendant, Pro Se
Albany Patroons Legal
3724 Warners Road
Syracuse, NY 13209

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

  Currently before the Court, in this trademark-infringement action filed by Albany Patroons, Inc., and Albany Basketball & Sports Corp. ("Plaintiffs") against Derek Demperio and Demperio Sports & Entertainment, LLC ("Defendants"), is Defendant Derek Demperio's motion to dismiss Plaintiffs' Amended Complaint on one or more of three grounds: lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), insufficient service of process under Fed. R. Civ. P. 12(b)(5), and/or failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7). (Dkt. No.

39). For the reasons set forth below, Defendant Derek Demperio's motion is denied.

To the extent that Defendant Derek Demperio argues that the Court lacks personal jurisdiction over him under Fed. R. Civ. P. 12(b)(2) because of the 28-delay between the filing of Plaintiffs' original Complaint (on March 12, 2021) and the admission of Plaintiffs' counsel to practice in this District (on April 9, 2021), the Court rejects that argument as unpersuasive. Defendant Derek Demperio does not adequately articulate the connection between the purported lack personal jurisdiction over him and the referenced delay.  He does not argue that Plaintiffs' counsel was not admitted to the New York State Bar when Plaintiffs filed their original Complaint.  (*See generally* Dkt. No. 49.)  Nor does he take issue (or even have standing to take issue) with the Court's discretion as to how to apply Local Rule 83.1 of the District's Local Rules of Practice.  (*See generally id*.)  In any event, he is respectfully reminded that Plaintiffs' original Complaint never named him as a Defendant.  (Dkt. No. 1.)  Moreover, by the time Plaintiffs filed an Amended Complaint that did name him as a Defendant (on March 30, 2022), Plaintiffs' counsel had been admitted to practice in this District for almost a year.  Similarly, when Plaintiffs served their Amended Complaint on Defendant Derek Demperio on June 9, 2022 (Dkt. No. 47), Plaintiffs' counsel had been admitted to practice in this District for 26 months.

To the extent that Defendant Derek Demperio argues that Plaintiffs' claims against him should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5), the Court rejects that argument also as unpersuasive.  Granted, as previously stated it was not until June 9, 2022, that Defendant Derek Demperio was served with the Amended Complaint (which again is the applicable pleading given that the original Complaint never named him as a Defendant, regardless of whether or not it was served on him through the New York Secretary of State on

March 22, 2021). (Dkt. No. 47, at 2; Dkt. No. 11.)[1] This was nine days after Defendant Derek Demperio filed the current motion to dismiss. (Dkt. No. 39 [filed May 31, 2022].) However, service of the Amended Complaint on Defendant Derek Demperio was not required by Fed. R. Civ. P. 4(m) until June 28, 2022, i.e., 90 days after the filing of the Amended Complaint on March 30, 2022 (Dkt. No. 28).[2] In any event, the Court possesses the discretion to extend the deadline for service upon a showing of good cause (which the Court finds exists here, based on the procedural history of this action including Defendant Derek Demperio's motion to intervene, as well as Plaintiffs' apparently prior difficulty serving a Notice of Deposition on Defendant Demperio);[3] and indeed the Court possesses that discretion even in the absence of good cause.[4] For these same reasons, the Court is not persuaded by any argument that Plaintiffs failed to serve

---

[1] *See, e.g., Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2007) ("[T]he 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint *except as to those defendants newly added in the amended complaint.*") (emphasis added); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) ("We find, however, that the district court erred in dismissing all of the defendants named in the second amended complaint for lack of service, as Carmona should have been given an additional 120 days to serve those defendants who were added by the second amended complaint."); 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 377 (2002) ("[A]dding a new party through an amended complaint initiates a new timetable for service upon the added defendant.").

[2] *See, supra,* authorities cited in note 1 of this Decision and Order.

[3] (*See, e.g.,* Dkt. No. 11, at 14.)

[4] *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed.2002) ("Indeed, the Advisory Committee Notes to Rule 4(m) state that the amendment of the rule allows district courts to relieve plaintiffs from the consequences of Rule 4(m) 'even if there is no good cause shown.'"); Fed. R. Civ. P. 4(m), Advisory Committee Notes to 1993 Amendment ("The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

their Amended Complaint on Defendant Derek Demperio by May 26, 2022 (i.e., 60 days from the filing of the Amended Complaint), in compliance with General Order 25 and Local Rule 4.1(b) of the District's Local Rules of Practice.

Finally, to the extent that Defendant Derek Demperio argues that Plaintiffs' claims against him should be dismissed for failure to join an indispensable party under Fed. R. Civ. P. 12(b)(7), the Court rejects that argument also as unpersuasive. The claims that Defendant Derek Demperio is seeking to dismiss through his current motion are claims asserted against him in Plaintiffs' Amended Complaint, which is the first pleading of Plaintiffs that names Derek Demperio as a Defendant. (Dkt. No. 28.) The fact that Plaintiffs' original Complaint did not name Derek Demperio a Defendant is of no consequence here given that an amended complaint supersedes an original complaint in all respects.[5] In any event, Defendant Derek Demperio is respectfully reminded that Senior U.S. District Judge Frederick J. Scullin granted his motion to intervene on August 5, 2021. (Dkt. No. 17.) Simply stated, this purported ground for dismissal, like the other two, is insufficient.

**ACCORDINGLY,** it is

**ORDERED** that Defendant Derek Demperio's motion to dismiss (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that Defendant Derek Demperio's Answer to Plaintiffs' Amended Complaint is due **FOURTEEN (14) DAYS** from the issuance of this Decision and Order.

---

[5] *See, e.g., Shields v. Citytrust v. Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); N.D.N.Y. L.R. 15.1(a) (noting that an amended complaint shall "supersede [an original pleading] in all respects" and that "[a] party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.").

Dated: September 14, 2022
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge