UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALBANY PATROONS, INC.; and ALBANY
BASKETBALL & SPORTS CORP.,

                         Plaintiffs,

                                                      1:21-CV-0286
v.                                                    (GTS/DJS)

DEMPERIO SPORTS & ENT., LLC; and
DEREK DEMPERIO,

                         Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

B. SOLOMON FERNANDEZ LAW, PLLC          BENITO SOLOMON FERNANDEZ, ESQ.
  Counsel for Plaintiffs
195 Washington Avenue, 2nd Floor
Albany, NY 12210

DEREK DEMPERIO
  Defendant, *Pro Se*
Albany Patroons Legal
3724 Warners Road
Syracuse, NY 13209

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this trademark-infringement action filed by Albany

Patroons, Inc., and Albany Basketball & Sports Corp. ("Plaintiffs") against Derek Demperio and

Demperio Sports & Entertainment, LLC ("Defendants"), is Defendant Derek Demperio's motion

to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be

granted under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 67.)  For the reasons set forth below, Defendant

Derek Demperio's motion is denied.

Generally, in support of his motion, Defendant Demperio asserts four arguments.  (Dkt. No. 67, Attach. 2.)  First, Defendant Demperio argues that his motion should be granted, because he is entitled to special solicitude as a *pro se* litigant.  (*Id*.)  Second, Defendant Demperio argues that his motion should be granted, because Plaintiffs' Amended Complaint fails to "differentiate" between the two Defendants in this action.  (*Id*.)  Third, Defendant Demperio argues that his motion should be granted, because Plaintiffs' Amended Complaint fails to allege facts plausibly suggesting the standing of each Plaintiff to assert each cause of action.  (*Id*.)  Fourth, Defendant Demperio argues that his motion should be granted, because Plaintiffs' Amended Complaint fails to allege facts plausibly suggesting one or more elements of each of its nine claims (e.g., actual damages with regard to Plaintiffs' first claim, an intent to deceive and actual damages with regard to Plaintiffs' second claim, etc.).  (*Id*.)

After carefully considering the matter, the Court rejects Defendant Demperio's first argument, because  special solicitude neither lessens nor strengthens the pleading standard under Fed. R. Civ. P. 8, 9, 10 and 12.[1]  The Court rejects Defendant Demperio's second and third arguments based on a liberal construction of Plaintiffs' Amended Complaint under Fed. R. Civ. P. 8(e), and drawing all reasonable inferences in Plaintiffs' favor.  (Dkt. No. 28, at "Nature of the Action,"and  ¶¶ 3-4, 10-50 [Plfs.' Am. Compl.].)  Finally, the Court rejects Defendant Demperio's fourth argument for each of the nine reasons stated in Plaintiffs' opposition memorandum of law.  (Dkt. No. 70.)

---

[1]    *See, e.g., Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant].").

First, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claims of unfair competition and false designation of origin under 15 U.S.C. § 1125(a). (*See, e.g.,* Dkt. No. 28, at ¶¶ 51-65.)  For example, the Amended Complaint alleges facts plausibly suggesting that Plaintiffs have been injured, or will likely be injured, as a result of Defendants' misrepresentation.  (*See, e.g., id.* at ¶¶ 25-27, 51, 64.)  Unlike the pleadings examined in the two district court cases cited by Defendant Demperio, the Amended Complaint alleges facts to support this theory of harm.  (*See, e.g., id.* at ¶¶ 51, 57, 60-63, 138, 140-46.)

Second, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of fraudulent registration of trademark under 15 U.S.C. § 1120.  (*See, e.g., id.* at ¶¶ 66-82.)  For example, the Amended Complaint alleges facts plausibly suggesting that Defendants made a representation knowing it to be false, and intending to induce the listener to act or refrain from acting in reliance on the misrepresentation.  (*See, e.g., id.* at ¶¶ 66, 68, 70, 71, 74, 76, 78-81.)

Third, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of cancellation of trademark based on non-use under 15 U.S.C. § 1064.  (*See, e.g., id.* at ¶¶ 83-92.)

Fourth, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of cancellation of trademark based on likelihood of confusion or dilution under 15 U.S.C. § 1125(a).  (*See, e.g., id.* at ¶¶ 93-104.)  For example, the Amended Complaint alleges facts plausibly suggesting how consumers would know that Plaintiff Albany Patroons was the source of the goods sold in the Washington Avenue Armory gift shop.  (*See, e.g., id.* at ¶¶ 11, 12, 93, 96, 102.)

Fifth, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of dilution by blurring under 15 U.S.C. § 1125(c).  (*See, e.g., id.* at ¶¶ 105-19.)  For example, again, the Amended Complaint alleges facts plausibly suggesting how consumers would know that Plaintiff Albany Patroons was the source of the goods sold in the Washington Avenue Armory gift shop.  (*See, e.g., id.* at ¶¶ 11, 12, 105, 111.)

Sixth, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of cyberpiracy under 15 U.S.C. § 1125(d).  (*See, e.g., id.* at ¶¶ 120-32.)  For example, again, the Amended Complaint alleges facts plausibly suggesting that Defendant Demperio acted with knowledge or belief that he was not the holder of a federal trademark.  (*See, e.g., id.* at ¶¶ 12, 17, 120, 123-29.)

Seventh, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of Tortious Interference with Prospective Business Advantage under New York law.  (*See, e.g., id.* at ¶¶ 133-146.)  For example, again, the Amended Complaint alleges facts plausibly suggesting that Defendant Demperio acted with knowledge or belief that he was not the holder of a federal trademark.  (*See, e.g., id.* at ¶¶ 12, 17, 133, 137.)

Eighth, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of injurious falsehood under New York law (i.e., falsity of the alleged statements, publication to a third person, malice, and special damages).  (*See, e.g., id.* at ¶¶ 147-53.)  For example, again, the Amended Complaint alleges facts plausibly suggesting that Defendant Demperio acted with knowledge or belief that he was not the holder of a federal trademark.  (*See, e.g., id.* at ¶¶ 12, 17, 123-29, 137, 147-50.)

Ninth, Plaintiffs' Amended Complaint alleges facts plausibly suggesting the elements of their claim of fraudulent conveyance under N.Y. Debt. & Cred. Law § 273.  (*See, e.g., id.* at ¶¶ 154-67.)   For example, again, the Amended Complaint alleges facts plausibly suggesting that Plaintiffs have been injured, or will likely be injured, as a result of Defendants' misconduct. (*See, e.g., id.* at ¶¶ 25-27, 51, 64, 154, 156-64, 166.)

**ACCORDINGLY**, it is

**ORDERED** that Defendant Derek Demperio's motion to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED** that Defendant Derek Demperio's Answer is due within **FOURTEEN (14) DAYS** from the date of this Decision and Order.

Dated: March 28, 2023
          Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

5